20-3672-cv
Stevens v. City of Oneonta

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-one.

PRESENT:

> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges*,
> PAMELA K. CHEN,*
> *District Judge.*

---

Matthew M. Stevens,

    *Plaintiff-Appellant*,

v.                       20-3672

City of Oneonta, Steve Kruh, Greg Mattice,

---

\* Judge Pamela K. Chen, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Matthew M. Stevens, pro se, Worcester, NY. |
| FOR DEFENDANTS-APPELLEES: | Angelo D. Catalano, Coughlin & Gerhart, LLP, Binghamton, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Matthew Stevens, proceeding pro se, sued his employer, the City of Oneonta ("Oneonta"), and two individuals under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The district court dismissed Stevens's complaint for failure to state a claim, finding that the individual defendants were not subject to liability under the ADA and that Stevens's remaining claims were untimely; the court also denied Stevens leave to amend his complaint, concluding that any amendment would be futile. Stevens appeals,

2

and he moves in this Court to supplement the record. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition to the complaint, we may consider documents attached to the complaint, statements incorporated in it by reference, and documents "integral" to the complaint. *Chambers*, 282 F.3d at 152–53. We review de novo the denial of leave to amend as futile. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest[,]" *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)

3

(internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal[,]" *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*[.]"). Nor will we decide issues that a pro se appellant raises in his brief only in passing, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (explaining that pro se appellant had waived any challenge to the district court's holding with respect to one appellee, because his brief mentioned the ruling as to that appellee only "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."), or for the first time in a reply brief, *see JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the

4

appellant pursued those arguments in the district court or raised them in a reply brief.").

Here, Stevens's opening brief fails to address the bases for the district court's dismissal of his complaint: that individual defendants are immune from suit under the ADA, and that his administrative complaint was untimely filed, i.e., more than 300 days after the last discriminatory act alleged in that complaint. Moreover, while Stevens asserts generally that he "disagree[s]" with the district court's conclusion that amendment would be futile, he fails to address the findings underlying that assessment – specifically, that the proposed amended complaint did not cure the defects identified above, and that any new allegations bringing the action within the 300-day statute of limitations would be beyond the scope of the administrative complaint. These dispositive issues are thus waived, and we affirm the district court's decision on that basis. *See Norton*, 145 F.3d at 117; *LoSacco*, 71 F.3d at 93.

We also deny as moot Stevens's motion to supplement the record because the proffered documents do not have any bearing on Stevens's waiver of his challenge to the district court's decision. *See, e.g., Schorr v. DoPico*, 686 F. App'x

5

34, 38 (2d Cir. 2017) (denying as moot motion to supplement record where the proffered documents pertained to an abandoned issue); *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 528 F. App'x 33, 36 n. 5 (2d Cir. 2013) (denying as moot motion to supplement the record where proffered documents were "not necessary or relevant" to the analysis).

We have considered all of Stevens's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** as moot Stevens's motion to supplement the record on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



6

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit